UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

**THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATEHOLDERS OF THE CWABS INC., ASSET-BACKED CERTIFICATES, SERIES 2004-2,**

    Plaintiff

v.                                                                                       CASE No. _____

**FELIPE D. MERCEDES, ADELAIDA D. MERCEDES, RHODE ISLAND HOUSING AND MORTGAGE FINANCE CORPORATION, CITY OF PROVIDENCE DEPARTMENT OF PLANNING AND DEVELOPMENT, and PROGRESSIVE CASUALTY INSURANCE COMPANY,**

    Defendants
_____/

**COMPLAINT TO FORECLOSE MORTGAGE**

I.

INTRODUCTION

The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Benefit of the Certificateholders of the CWABS Inc., Asset-Backed Certificates, Series 2004-2 files this complaint to foreclose a certain mortgage given by the Defendants, Felipe D. Mercedes and Adelaida D. Mercedes, encumbering real estate owned by them at 160-162 Whittier Avenue, Providence, RI, 02909.  The Defendants defaulted on their obligation to make monthly payments under the mortgage and note which it secures and Plaintiff now seeks to judicially foreclose the mortgage pursuant to R.I. Gen. Laws §34-27-1 and §34-27-3.2(d)(5).

II.

PARTIES

1. Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Benefit of the Certificateholders of the CWABS Inc., Asset-Backed Certificates, Series 2004-2 ("BONY"), is a national bank organized and existing under the laws of the United States of America, with a principal place of business at One Wall Street, New York, NY 10286.

2. Defendant, Felipe D. Mercedes, is an individual who, upon information and belief, resides at 162 Whittier Avenue, Providence, RI 02909.

3. Defendant, Adelaida D. Mercedes, is an individual who, upon information and belief, resides at 162 Whittier Avenue, Providence, RI 02909.

4. Defendant, Rhode Island Housing and Mortgage Finance Corporation, is a Rhode Island public corporation with a principal place of business at 44 Washington Street, Providence, RI 02903.

5. Defendant, City of Providence Department of Planning and Development, is a city government office with a principal place of business at 400 Westminster Street, Suite 4, Providence, RI 02903.

6. Defendant, Progressive Casualty Insurance Company, is a corporation organized under the laws of Ohio with a principal place of business at 6300 Wilson Mills Road, Box W33, Mayfield Village, OH 44143.

III.

JURISDICTION AND VENUE

7. The Court has original jurisdiction over this action involving BONY's right, title and interest in the subject property pursuant to 28 U.S.C. § 1332(a)(1) since there is complete

diversity between the Plaintiff and the Defendants and the amount in controversy is more than $75,000.00 in that the outstanding balance due and owing on the mortgage which Deutsche Bank now seeks to foreclose exceeds $156,000.00.

8. Venue is proper under 28 U.S.C. § 1391(b)(2) since the real property that is the subject of this Complaint is situated in Rhode Island.

IV.

FACTS

9. Webster Realty, Inc. conveyed the Property known as 160-162 Whittier Avenue, Providence, Rhode Island (the "Property") to Guido Stradone, Concetta Stradone, and Linda Ann Stradone by Warranty Deed dated May 8, 1970 and recorded with the Providence Land Evidence Records (the "LER") on May 11, 1970 in Book 1157, Page 162.

10. Guido Stradone, Concetta Stradone, and Linda Stradone executed a Quit-Claim Deed in favor of Guido Stradone and Concetta Stradone dated January 26, 1972 and recorded with the LER on February 3, 1972 in Book 1165, Page 648.

11. Guido Stradone and Concetta Stradone executed a Quit-Claim Deed in favor of Linda Ann Blackwood and Anthony Stradone by Quit-Claim Deed dated September 19, 1988 and recorded with the LER on October 24, 1988 in Book 1910, Page 104.

12. Linda Ann Blackwood and Anthony Stradone executed a Quit-Claim Deed in favor of Guido Stradone dated April 8, 1993 and recorded with the LER on April 13, 1993 in Book 2730, Page 240.

13. Guido Stradone executed a Warranty Deed in favor of the Defendants, Felipe D. Mercedes and Adelaida D. Mercedes ("the Mercedeses") dated June 30, 1993 and recorded with the LER on July 1, 1993 in Book 2775, Page 76.

14. The Mercedeses secured a mortgage loan from Domestic Bank in the amount of $140,000.00 on October 30, 2003 (the "Loan").

15. This mortgage loan is evidenced by a promissory note in the original principal amount of $140,000.00 dated October 30, 2003, given by Felipe D. Mercedes to Domestic Bank (the "Note"). The Note contains an indorsement to Credit Northeast, Inc., by Domestic Bank. The Note is further indorsed by Credit Northeast, Inc. to Countrywide Document Custody Services, a Division of Treasury Bank, N.A. The Note is further indorsed by Countrywide Document Custody Services, a Division of Treasury Bank, N.A. to Countrywide Home Loan, Inc. The Note contains a final indorsement in blank by Countrywide Home Loans, Inc. BONY is the owner and holder of the Note and it or its designated document custodian has physical possession of the Note. Shellpoint Mortgage Servicing ("Shellpoint"), with principal offices in Greenville, South Carolina, services the loan on behalf of BONY. A true and accurate copy of the Note is attached hereto as Exhibit 1.

16. The Note is secured by a mortgage given by the Mercedeses to Mortgage Electronic Registration Systems, Inc. ("MERS"), acting solely as a nominee for Domestic Bank encumbering the Property in the original principal amount of $140,000.00 dated October 30, 2003 and recorded with the LER on November 5, 2003, in Book 6157, Page 335 (the "Mortgage"). A certified copy of the Mortgage is attached hereto as Exhibit 2[1].

17. Title to the property is further encumbered by a mortgage to Rhode Island Housing and Mortgage Finance Corporation in the original principal amount of $36,954.00, dated January 4, 2002 and recorded with the LER on January 10, 2002 in Book 4981, Page 57, as

---

[1] As pleadings are filed electronically, the exhibits referred to herein are copies of certified documents and the loan number has been redacted for the borrower's protection. Undersigned counsel is prepared to produce the original certified documents for the Court's inspection upon request

further referenced by the Subordination Agreement dated October 30, 2003 and recorded with the LER on November 5, 2003 in Book 6158, Page 1.

18. Title to the property is further encumbered by a mortgage to the City of Providence Department of Planning and Development in the original principal amount of $18,000.00, dated November 18, 2003 and recorded with the LER on March 22, 2004 in Book 6422, Page 254.

19. Felipe D. Mercedes was granted a chapter 7 discharge from the United States Bankruptcy Court for the District of Rhode Island on February 17, 2006 and no longer has any personal liability to make payments under the Note. BONY is only seeking to exercise its in rem rights as to the Property.

20. Mortgage Electronic Registration Systems, Inc. assigned the Mortgage to Bank of New York, as Trustee for the Certificateholders CWABS 2004-02, by assignment dated February 26, 2007, and recorded with the LER on March 5, 2007, in Book 8575, Page 9. A certified copy of the Assignment is attached hereto as Exhibit 3.

21. Title to the Property is further encumbered by an execution in favor of the Defendant, Progressive Casualty Insurance Company, in the amount of $3,105.76, dated September 1, 2011 and recorded with the LER on November 28, 2011 in Book 10134, Page 62.

22. Bank of America, N.A., successor by merger to BAC Home Loan Servicing, LP, as prior servicer of the loan, entered into a Loan Modification Agreement with Felipe D. Mercedes dated May 11, 2015 (the "Modification"). The Modification was effective June 1, 2015 and lowered the interest rate on the loan to 2.00%. A true and accurate copy of the Modification is attached hereto as Exhibit 4.

23. Mortgage Electronic Registration Systems, Inc. assigned the Mortgage to The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificateholders of CWABS, Inc., Asset-Backed Certificates, Series 2004-2, by corrective Assignment dated June 29, 2016, and recorded with the LER on July 12, 2016, in Book 11447, Page 258. A certified copy of the Assignment is attached hereto as Exhibit 5.

24. Under the terms of the Note and Mortgage, the Mercedeses were obligated to make monthly principal and interest payments together with a monthly escrow payment as computed by the mortgagee sufficient to pay real estate taxes and hazard insurance premiums in connection with the Property through the December 1, 2033 maturity date of the Loan.

25. The Mercedeses have defaulted in their monthly payment obligations due under the Note and Mortgage, and the mortgage account with Shellpoint is now due for the November 1, 2015 payment together with all subsequently accrued but unpaid installments.

26. Pursuant to the terms of the Mortgage, BONY, through its attorneys, Korde & Associates, P.C., sent the Mercedeses Notices of Default dated November 22, 2016, via certified and first class mail at the Property address and alternate addresses. True and accurate copies of said Notices are attached hereto as Exhibit 6.

27. The default set forth in the November 22, 2016 Notices of Default was never cured. A true and accurate copy of the payment history maintained by Shellpoint in connection with the subject mortgage loan is attached hereto as Exhibit 7.

28. On January 13, 2017, BONY, through its attorneys, Korde & Associates, P.C., sent the Mercedeses Notices of Acceleration via certified and first class mail at the Property address and alternate addresses. True and accurate copies of said Notices are attached hereto as Exhibit 8.

COUNT I

FOR DECLARATORY JUDGMENT

29. BONY re-alleges and incorporates by reference herein the allegations contained in paragraphs 1-28 above.

30. BONY seeks a judgment from this Court declaring that (a) The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Benefit of the Certificateholders of the CWABS Inc., Asset-Backed Certificates, Series 2004-2 is the holder of the Note and holder of the Mortgage and is the entity entitled to enforce the default remedies provided for in the Note and Mortgage, including exercise of the power of sale provided for therein (see paragraph 22 of the Mortgage) and (b) that the Defendants, Felipe D. Mercedes and Adelaida D. Mercedes, are in default of their obligations set forth in the Note and Mortgage.

COUNT II

FOR DECREE BARRING ALL RIGHTS OF REDEMPTION
AND VESTING TITLE IN THE PLAINTIFF FREE OF ALL CLAIMS

31. BONY re-alleges and incorporates herein by reference the allegations contained in paragraphs 1-28 above.

32. BONY seeks a decree of this Court pursuant to R.I. Gen. Laws § 34-27-1 (a) forever barring any rights of redemption which each of the Defendants may have under the terms of the Mortgage and (b) vesting title to the Property in favor of the Plaintiff, BONY, free of any and all right, title, interest or claim of each of the Defendants to this action.

COUNT III

FOR AN ORDER OF SALE

33. BONY re-alleges and incorporates by reference the allegations contained in paragraphs 1-28 above.

34. In the alternative to the relief sought in Count II hereof, BONY seeks an order of this Court pursuant to R.I. Gen. Laws §34-27-1 or otherwise authorizing and directing BONY to sell the property at public sale or by such other means and subject to such terms and conditions and with notice to such persons as the Court should direct with such sale culminating in a deed or order vesting title in the successful purchaser free of all rights of redemption on the part of each of the Defendants and otherwise free of any and all other rights, title, interests or claims of each of the Defendants to this action. In relation thereto, BONY further seeks an order allowing it to credit bid up to the amount of the total debt owed to it under the Note and Mortgage at any such public sale.

WHEREFORE, The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Benefit of the Certificateholders of the CWABS Inc., Asset-Backed Certificates, Series 2004-2 ("BONY") requests that the Court:

(a) Given the equitable nature of a proceeding brought pursuant to R.I. Gen. Laws §34-27-1, BONY prays that in the event that either Felipe D. Mercedes or Adelaida D. Mercedes should appear in this action at any time prior to the entry of a default against them, the Court enter an order staying proceedings in the case for a period of sixty (60) days to afford the Defendants an opportunity to submit a completed application for loss mitigation to the Plaintiff and for the Plaintiff, in turn, to render a determination of Defendants' eligibility (or lack thereof) for any available foreclosure alternatives based on such application unless such Defendants should affirmatively state in a pleading or other document filed with the Court that he does not wish to submit such an application;

(b) If the Mercedeses fail to file an answer or other responsive pleading to this Complaint or otherwise fails to file a statement or other pleading with this Court at any time

prior to the Plaintiff's motion for entry of final judgment expressing an interest in participating in mediation as ordered or facilitated by this Court, declare in said judgment that the Mercedeses were provided with a full and fair opportunity to mediate as an alternative means of resolving this case;

(c) Issue a judgment determining that the Defendants, Felipe D. Mercedes or Adelaida D. Mercedes, are in default of their obligations under the terms of the Note and Mortgage;

(d) Issue a judgment determining that the Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Benefit of the Certificateholders of the CWABS Inc., Asset-Backed Certificates, Series 2004-2, is the present owner of the note and the present holder of the mortgage and entitled to enforce the default remedies provided for therein;

(e) Issue a judgment forever barring the Defendants' exercise of any rights of redemption, if any, provided for in the Mortgage and/or by operation of law and vesting title to the Property in the Plaintiff, BONY, free of any and all right, title, interest or claim of each of the Defendants or any other person or entity who records a lien or interest in the Property after Plaintiff records a Lis Pendens identifying the within action with the Providence Land Evidence Records;

(f) In the alternative to the relief sought in the preceding paragraph (e), issue an order or judgment authorizing and directing the Plaintiff to sell the Property at public sale or by such other means as the Court should direct with such sale culminating in a deed or order vesting title in the successful purchaser free of all rights of redemption on the part of each of the Defendants and otherwise free of any and all other rights, title, interest, lien, mortgage or claim of each of the Defendants to this action and of any other person or entity who records a lien or

interest in the Property after Plaintiff records a Lis Pendens identifying the within action with the Providence Land Evidence Records except that if the public sale generates a surplus over and above the total debt owed to the plaintiff as of the date of such sale, the right, title, interest, lien, mortgage or claim of such junior interest holders shall extend and transfer to such surplus according to lien priorities established under applicable law;

(g) In conjunction with the order of sale requested in the foregoing prayer for relief, provide in the judgment that the foreclosure sale referenced in the preceding paragraph and Plaintiff's delivery of a foreclosure deed to the successful high bidder at such sale shall extinguish all right, title, interest, lien, mortgage or claim in or to the Property of each of the Defendants to this action and of any other person or entity who records a lien or interest in the Property after Plaintiff records a Lis Pendens identifying the within action with the Providence Land Evidence Records except that if the public sale generates a surplus over and above the total debt owed to the Plaintiff as of the date of such sale, the right, title, interest, lien, mortgage or claim of such junior interest holders shall extend and transfer to such surplus according to lien priorities established under applicable law;

(continued on next page)

    (h)    Authorize the Plaintiff to credit bid up to the amount of the total debt owed to it under the Note and Mortgage at any such public sale; and

    (i)    Grant such other and further relief as the Court deems just and proper.

July 13, 2017

Respectfully Submitted,

The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Benefit of the Certificateholders of the CWABS Inc., Asset-Backed Certificates, Series 2004-2
By its Attorney,

/s/ Paul G. Manning, Jr.
Paul G. Manning, Jr., Esq., RI# 7124
Korde & Associates, P.C.
900 Chelmsford Street, Suite 3102
Lowell, MA 01851
(978) 256-1500 (ext. 264)
pmanning@kordeassociates.com